[Cite as *Avon v. Sturgill*, 2016-Ohio-4588.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| CITY OF AVON | | C.A. No. 15CA010839 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY STURGILL | | AVON LAKE MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. TRD1500770 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2016

HENSAL, Judge.

{¶1} Larry Sturgill appeals a judgment of the Avon Lake Municipal Court convicting him of speeding in a school zone. For the following reasons, this Court affirms.

I.

{¶2} According to the municipal court's judgment entry, Avon police officer Chris Barton testified that he was monitoring traffic in an active school zone on April 13, 2015, when he saw a vehicle that appeared to be traveling faster than the 20-mile-per-hour speed limit. After he used a handheld laser device to determine that the vehicle was going 33 miles per hour, he stopped it, and cited the driver, Mr. Sturgill, for violating Avon City Ordinance 434.03. Following a trial to the bench, the municipal court found Mr. Sturgill guilty of the offense. Mr. Sturgill has appealed, assigning as error that the court incorrectly presumed that the school zone conformed to applicable standards.

II.

ASSIGNMENT OF ERROR

THE TRIAL JUDGE ERRED WHEN HE PRESUMED CONFORMITY WITH MUTCD/OMUTCD STANDARDS INSTEAD OF THE ONLY ALLOWABLE PRESUMPTION "INNOCENT UNTIL PROVEN GUILTY." THE PROSECUTION IS REQUIRED TO PROVE CONFORMITY WITH MUTCD BEYOND ANY REASONABLE DOUBT.

{¶3} Mr. Sturgill argues that the City failed to establish that the signage notifying him about the school zone complied with the requirements for traffic control devices. He has failed, however, to provide this Court with a copy of the trial transcript. Without a proper transcript, this Court is unable to determine whether he preserved this issue for appeal or review the merits of his argument. *See* App.R. 10(A) (explaining that it is appellant's duty "to make reasonable arrangements for transcription of the recorded proceedings[.]"); *State v. Sutton*, 9th Dist. Medina No. 14CA0059-M, 2015-Ohio-2630, ¶ 4. Accordingly, we have "no choice but to presume the validity of the lower court's proceedings, and affirm." *State v. Hicks*, 9th Dist. Summit No. 24708, 2011-Ohio-2769, ¶ 33, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Mr. Sturgill's assignment of error is overruled.

III.

{¶4} Because the appellate record does not include a copy of the trial transcript, Mr. Sturgill has not established that the municipal court erred. The judgment of the Avon Lake Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LARRY STURGILL, pro se, Appellant.

RICHARD KRAY, Prosecuting Attorney, for Appellee.